UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:                                                                  Case No.: 8-20-71131-reg

     Deon C. Riley,                                            Chapter 13

                                           Judge: Robert E. Grossman

                              Debtor.
-----------------------------------------------------------X

## <u>OBJECTION TO CONFIRMATION OF PLAN</u>

    **TO:   THE HONORABLE ROBERT E. GROSSMAN**
               **UNITED STATES BANKRUPTCY JUDGE**

    **PLEASE TAKE NOTICE** that Rushmore Loan Management Services, LLC as servicer

for U.S. Bank Trust National Association, as Trustee of Dwelling Series IV Trust

("Rushmore"), the holder of a mortgage on real property of the debtor(s), by and through its

undersigned attorneys, hereby objects to the confirmation of the Amended Chapter 13 Plan

on grounds including:

1. Rushmore is the holder of a Note and Mortgage dated December 3, 1998 in the original principal amount of $120,000.00 with respect to debtor's property located at 45 Sterling Place, Hempstead, NY 11550.

2. Please note that Rushmore is an interested party, and is not a secured creditor of the debtor at this time. The sole obligor and mortgagor on Rushmore's Note and Mortgage is Rubena Gayle, a non-party. Upon information and belief, Rubena Gayle is the debtor's late mother. The debtor's Amended Chapter 13 Plan proposes that Rushmore will approve the debtor for an assumption and modification of Rushmore's Note and Mortgage during this bankruptcy case. As such, the Amended Chapter 13 Plan proposes that Rushmore will become a secured creditor of the debtor if the debtor's goals in loss mitigation are achieved.

3.  Given that the debtor wishes to treat Rushmore as a secured creditor, the proposed plan fails to provide for the treatment of Rushmore's arrears. Rushmore is due prep-petition arrears of $146,820.06.

4.  Debtor's plan as proposed appears to contemplate that there will be no cure for the pre-petition arrears of Rushmore unless or until a loan modification is achieved. The requirements of 11 U.S.C § 1322(d)(2) do not provide for payment over a period longer than 5 years. Moreover, the debtor is obligated to cure the arrears due to the objecting creditor within a reasonable time pursuant to 11 U.S.C §1322(b)(5). Accordingly, in the event that on-going loss mitigation efforts are not successful, the plan fails to satisfy the confirmation requirements of 11 U.S.C. §1325(a)(1).

5.  If the debtor's assumption and modification of Rushmore's loan occur as planned, the proposed plan fails to list Rushmore in Part 3.1 for post-petition payments.

6.  Debtor's proposed plan fails to comply with other applicable provisions of Title 11.

In the event any portion of Rushmore's loan is deemed to be an unsecured claim as defined by the Code, objection is hereby made pursuant to 11 U.S.C § 1325(a)(4) and 1325(b), et seq. unless the plan provides for full payment of the claim.

Dated: September 2, 2020
Fresh Meadows, New York

Respectfully submitted,

By: /s/ Katherine Heidbrink
Katherine Heidbrink, Esq.
Friedman Vartolo, LLP
85 Broad Street, Suite 501
New York, NY
(P)212.471.5100
(F) 212.471.5150

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                              Case No.: 8-20-71131-reg

     Deon C. Riley,                                          Chapter 13

                                      Judge: Robert E. Grossman

                         Debtor.
-----------------------------------------------------------X

I, Katherine Heidbrink, an attorney duly admitted to practice law before the District Courts of the State of New York, respectfully certify that I am not a party to this action, am over 18 years of age and reside in the State of New York. On September 2, 2020, I caused to be served the foregoing Objection to Confirmation by mailing the same in a sealed envelope, with postage paid thereon, in an official depository of the United States Post Office, addressed to the last known address of the addressee(s) as indicated below:

**Deon C. Riley**
45 Sterling Place
Hempstead, NY 11550

**Michael Thomas McNamara**
Michael McNamara, Esq.
410 Jericho Turnpike
Suite 105
Jericho, NY 11753

**Michael J. Macco**
2950 Express Drive South
Suite 109
Islandia, NY 11749

**United States Trustee**
Long Island Federal Courthouse
560 Federal Plaza - Room 560
Central Islip, NY 11722-4437

                                      _/s/ Katherine Heidbrink_____
                                      Katherine Heidbrink, Esq.